9936

BOOZER v. EVANS.

(96 S. E. 126.)

1. TRESPASS—BURDEN OF PROOF—POSSESSION AND OWNERSHIP.—Where, in an action for trespass to land in which ownership and possession are alleged in plaintiff as a conclusion, but the facts set out show that defendant is in possession of part at least of the land, plaintiff has the burden of proof that defendant invaded his possession, or that plaintiff has title.

2. TRIAL—BURDEN OF PROOF—POSSESSION AND OWNERSHIP.—An instruction, in an action for trespass on land against one in possession of part at least of the land, that, "if the plaintiff comes in and says that the land in dispute is mine, that I own it, I have good title to it, and he tells you how he has it, then for her to defeat this suit she would have to show a better title, * * * and the burden is on her to show by a preponderance of the evidence that she has a good title to the land," is erroneous, as intimating that jury could conclude from mere statement of ownership or possession that burden of proof shifted to defendant.

3. TRESPASS—EVIDENCE—ADMISSIBILITY.—In action for trespass, plaintiff could introduce an unrecorded plat showing location and boundaries of the land he claimed

4. TRIAL — SPECIAL VERDICT — DISCRETION. — Allowance of motion to require the jury to find a special verdict is a matter of discretion with the Court.

Before BOWMAN, J., Richland, Fall term, 1915. Reversed.

Action by Albert M. Boozer against M. A. Evans. Judgment on verdict for plaintiff, and defendant appeals. New trial ordered.

·*Messrs. Tompkins, Barnett & McDonald,* for appellant, cite: *As to error in Judge's charge:* 93 S. C. 569; 86 S. C. 358. *As to refusal of trial Judge to allow jury to bring in special verdict:* 88 S. C. 193; 90 S. C. 197; Code of Procedure, sec. 321; 104 S. C. 83. *As to the restraining order:* Code of Procedure, sec. 274; 89 S. C. 189; 80 S. C. 51. *As to order of presiding Judge, requiring appellant to get a transcript of the testimony:* Rule 47, Circuit Court; 104 S. C. 331; 26 S. C. 486; 98 S. C. 454; 49 S. C. 376; 98 S. C. 196; 98 S. C. 455.

*Messrs. Barron, McKay, Moffatt & Frierson,* for respondent, cite: *As to right of plaintiff to maintain action for trespass:* 86 S. C. 358; 91 S. C. 231; 105 S. C. 338; 86 S. C. 366; 59 S. C. 131; 104 S. C. 456; 103 S. C. 343; 95 S. C. 302, 306. *As to plaintiff's right to permanent injunction:* Pomeroy's Equity Jurisprudence and Equitable Remedies, vol. V, sec. 506; 89 S. C. 189; 80 S. C. 47. *As to plat being properly introduced into evidence:* 2 Devlin on Real Estate (3d Ed.), sec. 1022; 42 S. E. 8; 4 Rich. L. 68; 53 Am. Dec. 715; 40 S. C. 146; 167 Mass. 33; 16 Hun. (N. Y.) 189. *As to Circuit Judge requiring appellant to procure a transcript of the testimony:* 104 S. C. 315; Code of Procedure, sec. 315; 98 S. C. 192, 196.

March 23, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The plaintiff brings this action against the defendant, alleging that the defendant has trespassed upon his land.

The case was tried before a jury. The verdict was for the plaintiff, and from the judgment entered upon the verdict the defendant appeals.

There are 12 exceptions. The first 8 allege practically the same error, and may be disposed of by consideration of the first exception, which is:

"(1) His Honor, the presiding Judge, erred, it is respectfully submitted, in charging the jury as follows: 'If the plaintiff comes in and says that the land in dispute is mine, that I own it, I have a good title to it, and he tells you how he has it, then for her to defeat this suit, she would have to show that she had a better title, had title to the land in dispute, and the burden is on her to show, by the preponderance of the evidence, that she has a good title to that land,'— inasmuch as the same does not require plaintiff to prove, by the preponderance of the evidence, his title to the land described in the complaint, or possession thereof, and eliminates entirely from the consideration of the jury the question of whether defendant had trespassed upon plaintiff's land, and required defendant to prove good title to the land as the only defense which could defeat this action."

This exception must be sustained. The complaint alleges ownership and possession. Possession, as well as ownership, is a conclusion. When the complaint alleges the facts, it appears that the defendant is in actual possession of a part at least of the land in dispute. The general rule is that one in possession of a tract of land is entitled to hold it against all the world, except the true owner. It is no exception to this rule that one in possession of a tract of land may eject a trespasser. The plaintiff, in order to regain possession, must either show that he was in possession, and that the defendant invaded his possession, or that he is the owner of the land sought to be recovered. The plaintiff has the burden of proof that the defendant invaded his possession, or that he (the plaintiff) has title.

The burden is not shifted to the defendant by mere allegation in the complaint or his statement on the witness stand. The jury could have concluded from the charge that a mere statement by the plaintiff of possession or ownership shifted the burden from the plaintiff to the defendant, and this is error.

The next error alleged is in allowing the plaintiff to introduce in evidence an unrecorded plat, showing location and boundaries of the land claimed by plaintiff. We have been cited to no authority, and we know of none, that sustains this exception, and it is overruled.

The appellant complains of error in the refusal of the presiding Judge to grant appellant's motion to require the jury to find a special verdict. This was a matter of discretion, and we see no abuse of discretion here.

The last point for consideration is the order enjoining the defendant from further trespassing upon the land in dispute. The order of injunction followed the judgment as a matter of course, but is set aside with the judgment of this Court that orders a new trial.

MESSRS. JUSTICES HYDRICK, WATTS and GAGE concur.

MR. CHIEF JUSTICE GARY did not sit.